FILED
2017 APR 14 AM 8:43
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROB BARBOUR, on behalf of himself
and on behalf of all others
similarly situated,

    Plaintiff,

v.      Case No.: 6:17-CV-677-ORL-40-GJK

TILLIS PEST CONTROL, INC.,

    Defendant.
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROB BARBOUR ("Plaintiff"), by and through undersigned counsel, on behalf of himself and on behalf of all others similarly situated, brings this action against Defendant, TILLIS PEST CONTROL, INC. ("Defendant"), and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3). This Complaint is filed as a collective action under 29 U.S.C. § 216(b).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Volusia County, Florida.

## PARTIES

4. Plaintiff is a resident of Seminole County, Florida.

5. Defendant TILLIS PEST CONTROL, INC. operates a pest control company in Debary, in Volusia County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Named Plaintiff ROB BARBOUR was employed by Defendant as a manager

10. The similarly situated employees consists of all other employees misclassified as exempt by Defendant within the last three years.

11. At all times material hereto, Plaintiff and the similarly situated employees were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

12. At all times material hereto, Plaintiff and the similarly situated employees were "employees" of Defendant TILLIS PEST CONTROL, INC. within the meaning of the FLSA.

13. At all times material hereto, Defendant TILLIS PEST CONTROL, INC. was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

14. Defendant TILLIS PEST CONTROL, INC. continues to be an "employer" within the meaning of the FLSA.

15. At all times material hereto, Defendant TILLIS PEST CONTROL, INC. was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

16. At all times relevant to this action, Defendant TILLIS PEST CONTROL, INC. engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

17. At all times relevant to this action, the annual gross sales volume of Defendant TILLIS PEST CONTROL, INC. exceeded $500,000 per year.

18. At all times material hereto, the work performed by Plaintiff and the similarly situated employees was directly essential to the business performed by Defendant.

## FACTS

19. Named Plaintiff ROB BARBOUR began working for Defendant as a manager in March 2010, and he worked in this capacity until on or about November 21, 2016.

20. At various times material hereto, Plaintiff and the similarly situated employees worked hours in excess of forty (40) hours within a work week for Defendant, and they were entitled to be compensated for these overtime hours at a rate equal to one and one-half times their individual regular hourly rates.

21. Defendant failed to pay Plaintiff and the similarly situated employees an overtime premium for all of the overtime hours that they worked, in violation of the FLSA.

22. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the similarly situated employees, Defendant has failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, including Defendant's employment practices, in violation of the FLSA, 29 U.S.C. § 201 et seq.

23. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendant pursuant to 29 U.S.C. § 216(b). The collective action is composed of employees whom Defendant failed to compensate for all overtime hours worked in accordance with the FLSA.

25. Therefore, Notice is properly sent to: "All employees whom Defendant failed to compensate for all of the overtime hours that they worked from March 2014 to the present."

26. The total number and identities of the similarly situated employees may be determined from the records of Defendant, and the similarly situated employees may easily and quickly be notified of the pendency of this action.

27. Plaintiff and the similarly situated employees have been unlawfully denied full payment of their overtime wages as mandated by the FLSA.

28. Plaintiff's experience with Defendant's payroll practices is typical of the experiences of the similarly situated employees

29. Defendant's failure to pay all overtime wages due at the rates required by the personal circumstances of the named is common to Plaintiff and the similarly situated employees.

30. Overall, Plaintiff's experience as an employee who was misclassified as exempt by Defendant is typical of that of the similarly situated employees.

31. Specific job titles or job duties of the similarly situated employees do not prevent collective treatment.

32. Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendant's liability under the FLSA in this case.

## COUNT I – FLSA OVERTIME VIOLATIONS

33. Plaintiff brings this action on behalf of himself and all other similarly situated employees in accordance with 29 U.S.C. § 216(b). Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

34. During the statutory period, Plaintiff and the similarly situated employees worked overtime hours while employed by Defendant, and they were not properly compensated for all of these hours under the FLSA.

35. Defendant failed to compensate Plaintiff and the similarly situated employees for all of the overtime hours that Plaintiff and the similarly situated employees worked.

36. The similarly situated employees were employed by Defendant, were compensated in the same manner, and were all subject to Defendant's common policy and practice of misclassifying its employees to avoid paying them for all of the overtime hours that they worked in accordance with the FLSA.

37. This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1). As a result, Plaintiff and the similarly situated employees who have opted into this action are each entitled to an amount equal to their unpaid overtime wages as liquidated damages.

38. All of the foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

39. As a result of the foregoing, Plaintiff and the similarly situated employees have suffered damages.

**WHEREFORE**, Plaintiff and all similarly situated employees who join this collective action demand:

(a) Designation of this action as a collective action on behalf of the Plaintiff and the similarly situated employees that he seeks to represent, in accordance with the FLSA;

(b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA collective action, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c) Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e) Judgment against Defendant for an amount equal to the unpaid overtime wages of Plaintiff and of opt-in similarly situated employees at the applicable overtime rate;

(f) A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g) Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiff and of opt-in similarly situated employees at the applicable overtime rate as liquidated damages;

(h) Judgment against Defendant, stating that its violations of the FLSA were willful;

(i) To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 10th day of April, 2017.

Respectfully submitted,

/s/ Brandon J. Hill

BRANDON J. HILL
Florida Bar Number: 0037061
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue
Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-337-7992
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: mk@wfclaw.com
**Attorneys for Plaintiff**
