UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
DIVISION

ROB BARBOUR, on behalf of himself
and on behalf of all others similarly situated,
    Plaintiff,

v.                                      CASE NO.: 6:17-cv-00677-PGB-GJK

TILLIS PEST CONTROL, INC.
    Defendant.
_____/

## SETTLEMENT AND RELEASE AGREEMENT

WHEREAS, **ROB BARBOUR** ("Plaintiff") in Case No. 6:15-cv-2128 -Orl-40DAB, United States District Court, Middle District of Florida, has alleged violations of the Fair Labor Standards Act ("FLSA") against **TILLIS PEST CONTROL, INC.** ("Employer") (collectively hereinafter referred to as the "Parties"), and **TILLIS PEST CONTROL, INC.** denies all such allegations, the following Agreement was reached.

This Agreement, which shall replace all prior agreements entered into between the Parties, and compliance with this Agreement, shall not be construed as an admission by **TILLIS PEST CONTROL, INC.** of any liability whatsoever, or as an admission by **TILLIS PEST CONTROL, INC.** of any liability whatsoever, or as an admission by **TILLIS PEST CONTROL, INC.** of any violation of the rights of the Plaintiff or any other person, or of any violation of any order, law, statute, duty, or contract, or any act of discrimination whatsoever against the Plaintiff or any other person, and **TILLIS PEST CONTROL, INC.** specifically disclaims any liability to, or any other person, and any alleged violation of any rights of the Plaintiff or any other person, or of any order, law, statute, duty or contract related to the FLSA.

NOW, THEREFORE, in consideration of the promises and mutual covenants contained

Page 1 of 8

herein, the sufficiency of which is hereby acknowledged, the Parties hereby enter into this Settlement and Release Agreement ("Agreement") to resolve all matters between them and agree as follows:

1. **SETTLEMENT AND CONSIDERATION**

In consideration for the promises contained herein, **TILLIS PEST CONTROL, INC.** agrees to pay Plaintiff Seven Thousand Dollars ($7,000 which shall be made payable as follows: 1) One check payable solely to Plaintiff in the amount of Four Thousand Dollars ($4,500.00), as settlement of all alleged claims pursuant to the Fair Labor Standards Act.. The Employer shall deduct all federal and states taxes and all other with holdings as required by law, for which the Employer shall issue Plaintiff a Form W-2; 2) A second check in the amount of Two Thousand Five Hundred Dollars ($2,500.00), which will be made payable to the law firm of WENZEL FENTON CABASSA, P.A., legal counsel to the Plaintiff (Tax I.D. Number _____) the receipt of which, shall constitute settlement and payment for all attorneys' fees and costs. With regard to the payment payable for all of "Plaintiff's claims", the Plaintiff agrees that said monies will be reported on a form 1099 for "Complaint for 2016" and that the Plaintiff is liable and fully responsible for payment of any and all taxes normally and customarily paid by the employee, including any penalties, interest or other costs attributable to the late payment of such taxes. The Plaintiff agrees he will indemnify and hold the Employer and/or Releasees harmless from any tax liability normally and customarily paid by the employee, including penalties and interest, in the event the IRS or any government agency subsequently determines that taxes, penalties, interest or other costs normally and customarily paid by the employee are due for the sums paid pursuant to this Agreement.

Upon payment of the settlement sums which shall be payable within ten (10) business days of this Court's approval of this Settlement Agreement, the Plaintiff's counsel shall in turn do the following: (1) dismiss, with prejudice, Plaintiff's claims in the Lawsuit, (2) deliver a completed IRS form W-4 to Defendant's counsel, and (3) Plaintiff's counsel's delivery of a completed IRS form W-9 for WENZEL FENTON CABASSA, P.A. to Defendant's counsel.

Plaintiff shall direct his attorney(s) to prepare and file all documents necessary to obtain Court approval of this Agreement and dismissal of her claims in the Lawsuit, with prejudice.

## 2. RELEASE

For the sole consideration paid as set forth in paragraph 1 of this Agreement, the Plaintiff, immediately upon receipt of payment of the proceeds in paragraph 1 and execution of this Agreement AGREE TO RELEASE and forever discharge the Employer, as well as each of the Employer's agents, officers, all present and former employees, directors, including without limitation, attorneys, and representatives (collectively "Releasees") from any causes of action that the Plaintiff may have as alleged in Case No.: **6:17-cv-00677-PGB-GJK** in the matter of ***Rob Barbour v. Tillis Pest Control, Inc*** arising under the FLSA or any other wage law/statute either federal or state.

Plaintiff acknowledges that he has been paid all wages owed to him for services rendered to the Defendant and as such there are no monies owed which exceed the amounts payable under this Agreement.

Plaintiff also acknowledges that he is unaware of any person's whom may be similarly situated and have potential claims pursuant to the FLSA.

The Plaintiff agrees that he will not commence, prosecute, or cause or permit to be commenced or prosecuted, directly or indirectly, any claims or other proceeding in state or federal

court, or before any state, local or federal agency or entity, on behalf of herself, including, but not limited to, the recovery of damages arising from or based upon any claims or causes of action arising out of or related to the subject matter of claims referenced and/or released in this Agreement.

As used in this release, the term "claims" shall be construed broadly and shall be read to include, for example, the terms: "rights," "causes of action (whether arising in law or equity)," "damages," "demands," "obligations," "grievances" and "liabilities" of any kind or character. Similarly, the term "release" shall be construed broadly and shall be read to include, for example, the terms "discharge" and "waive." The Parties intend to effectuate with this Agreement the complete extinguishment of any and all claims, known or unknown at any time that the Plaintiff and her Heirs may have against the Employer and/or Releasees, arising under the FLSA or any other wage law/statute either federal or state..

The FLSA claims released and discharged hereby include, without limitation, all claims which have heretofore been alleged by the Plaintiff or his attorneys and all other accrued claims which the Plaintiff might assert against the Employer under the FLSA.

This Agreement does not constitute an admission of liability by any party with respect to Plaintiff's allegations and neither party is a prevailing party.

### 3. MISCELLANEOUS

(a)  Scope of Agreement. This Agreement shall accrue to the benefit of and be binding upon the Parties hereto, their respective successors, agents and permitted assigns, including specifically the Releasees as set forth in Paragraph 2 of this Agreement and as to the Plaintiff, her Heirs, administrators and personal representatives. The Plaintiff may not assign his obligations under this Agreement without the prior written consent of the Employer and the Releasees.

(b) <u>Applicable Law</u>. This Agreement shall be interpreted, enforced, construed, and governed under the laws of the State of Florida.

(c) <u>Entire Agreement</u>. This Agreement contains the entire Agreement and understanding concerning the subject matter hereof between the Parties hereto, superseding and replacing all prior negotiations, understandings, representations and agreements, written or oral. No modification, amendment, waiver, termination or discharge of this Agreement or any of the terms or provisions hereof, shall be binding upon either of the Parties unless confirmed by a written instrument signed by both Parties. No waiver by any party of any term or provision of this Agreement or of any default hereunder shall affect such party's rights thereafter to enforce such term or provision or to exercise any right or remedy in the event of any other default, whether or not similar.

(d) <u>Severability</u>. If any provision of this Agreement shall be held void, voidable, invalid or inoperative, with the exception of the consideration set forth herein, no other provision of this Agreement shall be affected as a result thereof, and accordingly, the remaining provisions of this Agreement shall remain in full force and effect as though such void, voidable, invalid or inoperative provision had not been contained herein.

(e) <u>Multiple Originals</u>. This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute the same Agreement and may be consummated by facsimile signatures.

(f) <u>Proper Construction</u>. The language in all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either of the Parties. As utilized in this Agreement, the term "or" shall be deemed to include the term "and or" and the singular or plural number shall be deemed to include the other, whenever the context so indicates or requires. The paragraph headings used in this Agreement are intended solely for convenience of reference and shall not in any manner amplify, limit, modify, or otherwise be used in the interpretation of any of the provisions hereof.

(g) <u>Non-Disparagement</u>. The Parties further agree not to make disparaging comments about the other, and not to comment upon or discuss further the matters contained in this Agreement. In response to all inquiries from prospective employers or any third parties regarding the Plaintiff, such inquiries shall be directed to the Employer's Human Resource Director, or his/her designee, whom shall provide only the Plaintiff's dates of employment and last position held. The Plaintiff warrants that he, her attorney, and agents will not further disclose, communicate, disseminate and or publicize, or cause or permit to be disclosed, communicated, disseminated or publicized the existence of or terms and conditions of this Agreement or its underlying facts, directly or indirectly, specifically or generally, to any person, business, organization, corporation, association, governmental agency, except as follows: (1) to the extent necessary to report income to appropriate taxing

authorities: (2) to their spouses and accountant; or (3) in response to a subpoena issued by a state or federal court or governmental agency, provided, however, that notice of receipt of such judicial order or subpoena immediately shall be communicated to counsel for the Employer via telephone, and confirmed immediately thereafter in writing so that the Employer will have the opportunity to intervene to assert what rights it may have in non-disclosure prior to any response to the order or subpoena. If Plaintiff breaches this paragraph, Employer may bring a legal action against her for damages caused by her conduct and to recover 10% of the amount referred to in paragraph 1. If Employer prevails in such an action, it shall also be entitled to its costs and attorney fees.

(h) <u>Agreement Not To Seek Re-hire</u>. The Plaintiff agrees not to make any application for employment at any time, in any capacity, with the Employer. The Plaintiff also waives and releases any right to be considered for such employment. The Plaintiff agrees that in the event he applies for employment with such entities and is rejected for such employment, he will not seek damages, file a charge or complaint with any agency and or court based on, or alleging facts related to, events occurring prior to, and including, the date of the execution of this Agreement. The Plaintiff further agrees that he will not file a charge or complaint alleging discrimination and or retaliation if rejected from such employment and that this Agreement shall serve as a legitimate, non-discriminatory, non-retaliatory basis for refusing to consider the Plaintiff for future employment.

(i) <u>Execution of Agreement</u>. The parties to this Agreement may execute their signatures in counterpart, each document of which may be considered as an original when executed.

(j) <u>Attorneys' Fees and Costs</u>. The parties agree that the settlement proceeds paid under this Agreement include all attorneys' fees and costs Plaintiff has incurred. No party shall be permitted to maintain a claim against the other for fees and costs associated with any claim Plaintiff is waiving under this Agreement.

(k) <u>Breach of Agreement</u>. If either party breaches the terms of this Agreement, the prevailing party shall be entitled to all attorneys' fees and costs associated with the enforcement of this Agreement.

## 4. ACKNOWLEDGMENT OF KNOWING AND VOLUNTARY WAIVER

**ROB BARBOUR** ACKNOWLEDGES THAT HE HAS READ THIS AGREEMENT, THAT HE FULLY KNOWS, UNDERSTANDS AND APPRECIATES ITS CONTENTS, THAT HE HAS BEEN ADVISED BY HIS COUNSEL CONSIDERING ITS CONTENTS, AND THAT HE EXECUTES THE SAME AND MAKES THE SETTLEMENT AND

RELEASE PROVIDED FOR HEREIN VOLUNTARILY AND OF HIS OWN FREEWILL.

**THIS AGREEMENT CONSISTS OF TEN (10) PAGES INCLUDING THE SIGNATURE AND NOTARY PAGES.**

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the dates hereinafter appearing.

_____
ROB BARBOUR, PLAINTIFF

12-4-2017
Date

Sworn to and subscribed before me by **ROB BARBOUR** on this 4th day of ~~NOVEMBER~~ December 2017
Personally Known ____ OR Produced Identification B616-730-68-228-0
Type of Identification Produced: _____

_____
Signature of Notary Public – State of Florida

_____
Print, Type, or Stamp commissioned Name of Notary Public

TANIA WELLS
MY COMMISSION # FF 155415
EXPIRES: December 27, 2018
Bonded Thru Budget Notary Services

_____
Date
TILLIS PEST CONTROL, INC.

_____
TILLIS PEST CONTROL, INC.
Representative

_____
Date

Sworn to and subscribed before me by _____, as Representative of TILLIS PEST CONTROL, INC., on this ____ day of November, 2017.

RELEASE PROVIDED FOR HEREIN VOLUNTARILY AND OF HIS OWN FREEWILL.

**THIS AGREEMENT CONSISTS OF TEN (10) PAGES INCLUDING THE SIGNATURE AND NOTARY PAGES.**

 **IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the dates hereinafter appearing.

_____
**ROB BARBOUR, PLAINTIFF**

_____
Date

Sworn to and subscribed before me by **ROB BARBOUR** on this ___ day of OCTOBER 2017
Personally Known ___ OR Produced Identification _____
Type of Identification Produced: _____

_____
Signature of Notary Public – State of Florida

_____
Print, Type, or Stamp commissioned Name of Notary Public

12/5/17
_____
Date
TILLIS PEST CONTROL, INC.

[signature]
_____
TILLIS PEST CONTROL, INC.
Representative
DANIEL T. TILLIS

12/5/17
_____
Date

Sworn to and subscribed before me by _Daniel Tillis_____, as Representative of TILLIS PEST CONTROL, INC., on this _4th_ day of ~~October~~ December, 2017.

Page 7 of 8

Personally Known ✓ OR Produced Identification _____
Type of Identification Produced: _____

*[signature]*

Signature of Notary Public—State of Florida

RYDER BARRETT
Notary Public - State of Florida
Commission # FF 190351
My Comm. Expires Jan 20, 2019

Print, Type, or Stamp Commissioned Name of Notary Public

December 4th, 2017
Date